UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL AMOROSO,<br><br>             Plaintiff,<br><br>     v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>             Defendant. | CASE NO. C20-5887 BHS<br><br>ORDER DENYING DEFENDANT SUN LIFE'S MOTION FOR ATTORNEYS' FEES |

THIS MATTER is before the Court on Defendant Sun Life Insurance Co.'s Motion for Attorneys' Fees, Dkt. 30. Plaintiff Amoroso sought long term benefits under his Sun Life ERISA long term disability insurance policy. The parties filed cross motions for judgment under Federal Rule of Civil Procedure 52, Dkts. 18 and 19.

The Court determined and held that Amoroso had not met his burden of demonstrating that he had satisfied the policy's "Elimination Period," and therefore granted Sun Life's motion and denied Amoroso's. Dkt. 28. It entered judgment in Sun Life's favor. Dkt. 29. Amoroso appealed, and the case is now at the Ninth Circuit. Dkt. 33.

ORDER - 1

In the meantime, Sun Life seeks almost $66,000 in attorneys' fees it incurred in successfully defending Amoroso's claim coverage under ERISA's discretionary fee-shifting provision, 29 U.S.C. § 1132(g)(1).

Sun Life argues that ERISA "unambiguously gives the District Court discretion to award fees to either party," provided that party achieved some measure of success on the merits. Dkt. 30 at 2 (citing 29 U.S.C. § 1132(g); *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010)).

It concedes that in the Ninth Circuit, the Court exercises this discretion with reference to five factors: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." Dkt. 30 at 2 (citing *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 452–53 (9th Cir. 1980)).

Sun Life accurately asserts that it "completely prevailed on the merits" and argues that the Court can and should award reasonable fees on that basis, alone. *Id*. at 3–4 (citing *Hardt*, 560 U.S. at 255). It also argues that each of the five *Hummell* factors support an award of fees, and that the fees it seeks are reasonable. *Id*. at 4–9. It correctly points out that none of the five factors is necessarily determinative. *Id*. at 4.

Amoroso argues the Court should not award fees under the five *Hummell* factors, which are discussed in turn.

A.   **Amoroso's Culpability or Bad Faith in Asserting an ERISA Claim.**

Sun Life argues that Amoroso was "culpable," even if he did not act in bad faith, based on the fact he revised his onset of disability date, and that he articulated two different reasons for his resignation. It argues that these facts demonstrate that Amoroso "misrepresented" his status. Dkt. 30 at 4–5.

As Amoroso accurately responds, the record does not reflect that Sun Life relied on either of these bases during its administrative handling of his claim, and its technical and ultimately successful "elimination period" argument appeared first in this litigation. Dkt. 36 at 3–5. He also correctly points out that the Court's Order did not suggest that he acted in bad faith or even "culpably" in asserting a claim under his policy. *Id.*

The Court agrees. There is nothing approaching "bad faith" in the record, and Amoroso has explained the onset date discrepancy. Dkts. 36-1 and 38. The Court did not conclude that Amoroso "misrepresented" anything; it primarily determined[1] that Amoroso did not satisfy the policy's Elimination Period. It did not and does not conclude that he was "culpable," or that his claim was asserted in bad faith. As Amoroso argues, the Ninth Circuit has recognized that the *Hummell* factors "very frequently suggest that attorneys' fees should not be charged against ERISA plaintiffs." Dkt. 36 at 3 (citing *Jackson v. Wilson, Sonsini, Goodrich & Rosati Long Term Disability Plan*, 768 F. Supp.

---

[1] The Court held that "Amoroso has not met his burden of proving that he was disabled for 90 consecutive days while he was insured, or that he was unable to perform the material and substantial aspects of his position on either of his claimed disability dates." Dkt. 28 at 9. It did not conclude that Amoroso did not suffer the mental health conditions he claimed.

ORDER - 3

2d 1015, 1021–22 (N.D. Cal. Feb. 11, 2011) (citing *Tingey v. Pixley-Richards W., Inc.*, 958 F.2d 908, 909 (9th Cir. 1992))).

This first *Hummell* factor does not persuade the Court to impose a discretionary attorneys' fee award on an unsuccessful ERISA plaintiff who asserted his claim in good faith.

**B.     Amoroso's Ability to Pay Fees.**

Sun Life argues that Amoroso is able to pay its attorneys' fees, citing that he lives in a home it claims is valued at $1.1 million, that he still owns a company, and that he maintains his medical license. Dkt. 30 at 6–7.

Amoroso counters that the value of his home is no indication of his equity in it, and the existence of either a company or a medical license has nothing to do with his assets or his ability to pay $65,000 in attorneys' fees. Dkt. 36 at 6–7.

The Court agrees with Amoroso. Sun Life has not provided sufficient information to demonstrate that Amoroso has the ability to pay a discretionary fee award, and even if it were inclined to make such an award (and it is not), this factor weighs strongly against it.

**C.     The Deterrent Effect of a Fee Award.**

Sun Life urges the Court to force Amoroso to pay its fees to deter future ERISA insureds from suing unsuccessfully, which it claims will advance ERISA's goals of efficiency and low cost. That may be the case, but it is of no moment. In the absence of culpability, bad faith, malice, or misrepresentation, the Court has no interest in deterring disabled insureds from seeking benefits under their long-term ERISA policies. That is not the policy behind ERISA or

its fee-shifting provision, and it is not good public policy. This factor too weighs against any fee award.

**D.     Whether a fee award would benefit all participants of the ERISA Plan or whether the litigation resolved a significant legal question.**

Sun Life claims that Amoroso's unsuccessful lawsuit against it "provided a general benefit to all plan participants" and helped resolve important ERISA questions. Dkt. 30 at 8–9. This is unpersuasive. It is obviously true that if Sun Life pays fewer disability claims, its plan participants will pay lower premiums than if it does pay claims. But awarding fees to an insurer whenever an insured unsuccessfully but in good faith seeks benefits under its policy would deter insureds from seeking such benefits at all, and it would only embolden insurers in denying claims at the administrative level. That would not benefit ERISA plan participants.

Sun Life's claim that Amoroso should pay Sun Life's fees because this case "reaffirmed ERISA case laws under the de novo standard," Dkt. 30 at 8, is similarly unpersuasive. This *Hummell* factor does not weigh in favor of a discretionary fee award.

**E.     The relative merits of the parties' positions.**

Sun Life argues that its position was plainly more meritorious than Amoroso's, as demonstrated by the fact it won and he lost. *Id.* at 9. Indeed, it argues that under *Hardt*, the fact that it prevailed alone is enough to warrant a fee award. *Id.* at 4. The Court does not agree. The Court will not exercise its discretion to force a losing ERISA plaintiff to pay an insurer's attorneys' fees based solely on the fact that he lost. Such an award would not be consistent with ERISA, the better-reasoned cases decided under it, equity, or

common sense. This is not the unusual case where a fee award against a losing ERISA plaintiff is the correct outcome.

There is nothing in the record or the briefing to suggest that the Court should exercise its discretion and award the prevailing insurer its fees, and it declines to do so. Sun Life's Motion for Attorneys' Fees, Dkt. 30, is **DENIED**.

This matter remains closed.

IT IS SO ORDERED.

Dated this 3rd day of December, 2021.

BENJAMIN H. SETTLE
United States District Judge